Order Entered on
June 7, 2013
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re<br><br>Monireh Bozorgi                                  Debtor. | BANKRUPTCY NO. 13-01683-LT7 |
| Woodcrest Hills Homeowners Association<br><br>                                               Movant | RS NO. CLC1 |
| Monireh Bozorgi<br><br>                                               Respondent | |

## ORDER DENYING EMERGENCY MOTION TO SET ASIDE
## MOTION FOR RELIEF FROM STAY ORDER

IT IS HEREBY ORDERED as set forth on the continuation pages attached, numbered two (2) through three (3).

DATED:   June 6, 2013

_____
Judge, United States Bankruptcy Court

ORDER DENYING EMERGENCY MOTION TO SET ASIDE MOTION FOR RELIEF FROM STAY ORDER
DEBTOR: Monireh Bozorgi                                              CASE NO: 13-01683-LT7
                                                                      RS NO.: CLC1

The Court considered Debtor Monireh Bozorgi's Emergency Motion to Set Aside Motion for Stay Order dated June 3, 2013 (Dkt. # 75) ("Second Emergency Motion").

The Second Emergency Motion relates to an order ("Stay Relief Order") following a non-contested motion for relief from the automatic stay ("Stay Relief Motion") brought by movant Woodcrest Hills Homeowners Association (the "HOA"). The Court entered the Stay Relief Order on May 13, 2013 (see Dkt. # 60). The Stay Relief Order allows the HOA to continue an unlawful detainer action in state court.

The Stay Relief Motion was supported by a declaration of the attorney. The Court can take judicial notice of the fact that Debtor previously filed two chapter 7 petitions and three prior chapter 13 petitions. The two prior chapter 7 petitions were filed within one year of the initiation of this case. The Court may take into consideration in connection with the Stay Relief Motion evidence that the HOA previously foreclosed on its lien interest in the real property at issue ("Property") and now owns the Property. The record suggests an interesting pattern of transfers and an allegation that Debtor improperly deeded an interest in the Property to herself after she lost title through foreclosure by a third party lender. These issues, however, were not necessary to the Court's decision to grant the Stay Relief Motion. Because the Debtor failed to oppose the Stay Relief Motion, and because the supporting evidence justified the relief requested, the Court granted the Stay Relief Motion.

The Debtor brought a first emergency motion to set aside the Stay Relief Order on May 16, 2013 (Dkt. # 64) ("First Emergency Motion"). The First Emergency Motion alleged substantive points that can be raised in the unlawful detainer action in state court. The evidence provided also failed to explain why Debtor did not timely oppose the Stay Relief Motion and did not suggest error or mistake in the Court's original ruling. As a result, the Court denied the First Emergency Motion by order entered on May 23, 2013 (Dkt. # 68).

Thereafter, on May 29, 2013, the Debtor filed the Second Emergency Motion. The Second Emergency Motion alleges that the HOA did not serve the Debtor with the Stay Relief Motion. In support of this assertion, Debtor attaches a copy of a proof of service document. This proof of service does not name the Debtor. The Debtor's inclusion of the alleged evidence, however, evidences an attempted fraud upon the Court. The proof of service page she submits is only one of the two proof of service pages provided by the HOA. The Stay Relief Motion was supported by a notice of motion filed on the docket at docket No. 57. The notice of motion clearly shows service to Debtor on April 25, 2013. It also shows service of other parties on the second page – the only page provided to the Court by the Debtor. Thus, the Debtor's suggestion that she did not receive notice appears patently false. The notice clearly advised the Debtor that she had 14 days (11 plus 3 days as service was achieved by mail) to file an opposition and to set this matter for hearing. As a result, she was required to take action on or before May 9, 2013.

As already noted, the Court entered the Stay Relief Order on May 13, 2013. The docket thus, evidences that the Debtor received notice of the Stay Relief Motion at the address set forth on her petition, did not timely file opposition, and did not timely set this matter for hearing. Once again, the evidentiary record supported relief from stay both for cause under section 362(d)(1) and under section 362(d)(2) given that Debtor does not own the

Case 13-01683-LT7    Filed 06/06/13    Entered 06/07/13 09:11:43    Doc 78    Pg. 3 of 3

Page 3
ORDER DENYING EMERGENCY MOTION TO SET ASIDE MOTION FOR RELIEF FROM STAY ORDER
DEBTOR: Monireh Bozorgi                                          CASE NO: 13-01683-LT7
                                                                 RS NO.: CLC1

Property, thus, the estate has no realizable equity in the Property, and given that no reorganization is contemplated in a chapter 7 case.

Therefore, based on the foregoing:

    1. The Court DENIES the SECOND Emergency Motion; and

    2. The Court reserves the right to set this matter for hearing on sanctions in connection with the Debtor's submission of false evidence to the Court in the event that the Debtor submits a third motion for reconsideration.

Signed by Judge Laura Stuart Taylor June 6, 2013